UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PICO INDUSTRIES, INC.** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No.: _____ |
| | * | |
| **UNITED STATES FIRE** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR STAY OF ACTION DURING ARBITRATION

Plaintiff, Pico Industries, Inc. ("Pico"), pursuant to Fed. R. Civ. P. 7, hereby moves this Honorable Court for an Order staying this action while arbitration is conducted and, as grounds therefore, states:

1.      The genesis of this dispute is a construction project performed in the District of Columbia known as the Langston Lofts, located at 1390 V Street, N.W. (the "Project"). Pico was a subcontractor to The Dietze Construction Group, Inc. ("Dietze"), the general contractor for the job. Defendant United States Fire Insurance Company ("U.S. Fire") was the surety carrier for Dietze that provided a payment bond. The nature of this case is Pico's claim for funds owed to it by U.S. Fire pursuant to the terms of the payment bond.

2.      Pico previously initiated legal action against Dietze in Maryland state court, and in response Dietze exercised its right under the contract to resolve the dispute through arbitration with the American Arbitration Association. The matter was opened, an initial administrative conference conducted, and the parties are now involved in selecting an arbitrator.

3. Based upon the initiation of the arbitration proceeding, Pico stipulated to the dismissal, without prejudice, of its lawsuit against Dietze.

4. Subsequently, Pico learned from Dietze that U.S. Fire was its payment bond surety for this Project, and Dietze provided Pico with a copy of the Project Payment Bond on July 19, 2006.

5. To protect its rights under the Payment Bond, Pico immediately filed this lawsuit against the surety, U.S. Fire. While Pico may have a legal basis to independently pursue its action against U.S. Fire while simultaneously processing the arbitration action with Dietze, such an approach would be a waste of the parties' and Court's resources, generate duplicate litigation and associated cost, and expose the litigants to the possibility of inconsistent results.

6. As a consequence, Pico requests that this Honorable Court stay the present litigation against U.S. Fire until such time as the arbitration with Dietze concludes.

7. Pico incorporates by reference the Memorandum of Points and Authorities in Support of its Motion for Stay of Action During Arbitration filed contemporaneously herewith.

WHEREFORE, Pico Industries, Inc. respectfully requests that all claims raised in this action be stayed until the arbitration proceeding with The Dietze Construction Group, Inc. be completed.

Respectfully submitted,

**HUDDLES JONES SORTEBERG & DACHILLE, P.C.**

*Lucas F. Webster*
Lucas F. Webster, Bar No. 470174
10211 Wincopin Circle
Suite 200
Columbia, MD 21044
(301) 621-4120
(301) 621-4473 (fax)
**Attorneys for Plaintiff
Pico Industries, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2006, a copy of the foregoing Motion for Stay of Action During Arbitration was served upon the following with the Complaint and Summons by first class, certified mail, postage prepaid, return requested, to:

United States Fire Insurance Company
c/o Resident Agent
Corporation Service Company
11 South 12th Street
Richmond, Virginia  23218

*Lucas F. Webster*
Lucas F. Webster