UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PICO INDUSTRIES, INC.** | * | |
| | * | |
|     **Plaintiff** | * | |
| | * | |
|          v. | * | Case No.: _____ |
| | * | |
| **UNITED STATES FIRE** | * | |
|     **INSURANCE COMPANY** | * | |
| | * | |
|     **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR STAY OF ACTION DURING ARBITRATION**

Plaintiff, Pico Industries, Inc. ("Pico"), pursuant to Fed. R. Civ. P. 7 and Local Rule 7(a), hereby submits the following as its Memorandum of Points and Authorities in Support of its Motion for Stay of Action During Arbitration and states in support thereof:

**I.    INTRODUCTION**

This dispute stems from a construction project known as the Langston Lofts, located at 1390 V Street, N.W., Washington, D.C. (the "Project"). The Dietze Construction Group, Inc. ("Dietze") was the general contractor for the job, and Pico was its subcontractor for structural steel and miscellaneous metal work. Defendant United States Fire Insurance Company ("U.S. Fire") was the surety carrier for Dietze on the Project that provided a payment bond. This action is Pico's claim for funds owed to it by U.S. Fire as Dietze's payment bond surety.

Pico and Dietze are currently involved in an arbitration proceeding to resolve the question of the amount to which Pico is entitled under its claim. The present case, against Dietze's payment bond surety carrier U.S. Fire, was filed primarily to preserve Pico's rights under the Payment Bond U.S. Fire issued. Since the issues in dispute between Pico and Dietze

are the same issues that would be litigated against U.S. Fire, and since Pico and Dietze have agreed to arbitrate their disputes, the instant matter should be stayed pending the outcome of the arbitration. Dismissal of the claim would be inappropriate as the terms of the Payment Bond require Pico to commence legal action within a relatively short time frame; a time frame that will likely expire long prior to the conclusion of the arbitration action.

**II.     STATEMENT OF MATERIAL FACTS**

1.     Dietze was the general contractor for a project known as Langston Lofts. *See,* a copy of the subcontract agreement between Pico and Dietze attached hereto as Exhibit A.

2.     Dietze contracted with Pico for Pico to perform certain structural steel and miscellaneous metals work at the Project. *See,* Exhibit A.

3.     Disputes arose between Pico and Dietze as to the amount of compensation to which Pico is entitled for the Project, culminating ultimately in the exercise by Dietze of its right under the contract to have the dispute resolved by arbitration before the American Arbitration Association. *See,* a copy of the demand for arbitration filed by Dietze, attached hereto as Exhibit B.

4.     As the parties' dispute was proceeding through arbitration, Pico stipulated to the dismissal, without prejudice, of its lawsuit against Dietze. *See,* a copy of the Stipulation of Dismissal, without prejudice, attached hereto as Exhibit C.

5.     Dietze first advised Pico that U.S. Fire was its surety for this Project on July 19, 2006, and provided, that same date, a copy of the Payment Bond. *See,* a copy of an email dated July 19, 2006 from counsel for Dietze providing a copy of the Payment Bond, attached hereto as Exhibit D; *see also* a copy of the Payment Bond, attached hereto as Exhibit E.

**III.     ARGUMENT**

The pertinent provision of the Payment Bond is as follows:

> 11.    No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. ….

Exhibit E at paragraph 11.

The conditions of the Payment Bond are such that Pico is obligated to bring suit no later than one year from the date work on the Project has completed. *See,* Exhbit E at paragraph 11. Delaying its claim against U.S. Fire until after the arbitration with Dietze is concluded would, in all likelihood, place Pico beyond the one year time limit permitted to institute a claim under the bond.

Pico has a legal basis and the right to independently pursue its action against U.S. Fire while simultaneously processing the arbitration action with Dietze. However, such an approach would be wasteful of the parties' and Court's resources, generate duplicate litigation and associated cost, and expose the litigants to the possibility of inconsistent results. Pico has no interest in generating unnecessary work for the parties, the Court, or itself.

Lastly, there is no question that under Federal law the District Courts hold the inherent power to manage their own dockets and administer the cases before them. *See United States f/u/b/o MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 940 (D. Md. 2004). As specifically commented upon in the *MPA Construction* case, a District Court is empowered to exercise its discretion and stay an action as part of the orderly management of its own docket. *Id.* at 943.

**IV.    CONCLUSION**

Given the facts of the situation, the interests of judicial economy, the technical requirements of the Payment Bond and the potential prejudice to it, Plaintiff Pico respectfully requests that all claims raised in the present action with U.S. Fire be stayed until the arbitration proceeding with Dietze has been completed.

        Respectfully submitted,

        **HUDDLES JONES SORTEBERG & DACHILLE, P.C.**


        *Lucas F. Webster*
        Lucas F. Webster, Bar No. 470174
        10211 Wincopin Circle
        Suite 200
        Columbia, MD 21044
        (301) 621-4120
        (301) 621-4473 (fax)
        **Attorneys for Plaintiff**
        **Pico Industries, Inc.**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2006, a copy of the foregoing Memorandum of Points and Authorities in Support of Motion for Stay of Action During Arbitration was served upon the following with the Complaint and Summons by first class, certified mail, postage prepaid, return requested, to:

    United States Fire Insurance Company
    c/o Resident Agent
    Corporation Service Company
    11 South 12th Street
    Richmond, Virginia  23218


        *Lucas F. Webster*
        Lucas F. Webster