IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PICO INDUSTRIES, INC. )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES FIRE INSURANCE )<br>COMPANY )<br>)<br>   Defendant )<br>) | Case No.: 1:06CV01336 (RWR) |

**ANSWER AND DEFENSES OF**
**<u>UNITED STATES FIRE INSURANCE COMPANY</u>**

Defendant, United States Fire Insurance Company ("USFIC"), by counsel, hereby provides its Answer and Defenses to the Complaint of Plaintiff, Pico Industries, Inc. ("Pico").

**I.   <u>ANSWER</u>**

As for its Answer, USFIC states as follows:

1. USFIC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint and therefore denies the same.

2. USFIC admits that it is a business entity organized under the laws of Delaware and that a portion of its business involves the issuance of surety bonds for construction projects. The remaining averments in Paragraph 2 are denied.

3. The averments of Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, USFIC denies the averments.

4. The averments of Paragraph 4 are conclusions of law to which no response is required. To the extent that a response is required, USFIC denies the averments.

5. Admitted.

6. USFIC admits that Dietze and Pico entered into an agreement for work on the Project, however, USFIC states that the terms of the agreement are the best evidence of the rights and obligations of the parties and denies the remaining averments contained in paragraph 6 to the extent that they are not contained within the text of that agreement. USFIC denies that Exhibit A is a complete copy of the agreement.

7. USFIC admits that it provided a Payment Bond to its principle, Dietze, in connection with the Langston Loft Project, however, USFIC states that the terms of the Payment Bond are the best evidence of the obligations that arise there from, and denies the remaining averments contained in Paragraph 7 to the extent that they are not contained within the text of the Payment Bond. USFIC denies that Exhibit B is a complete copy of the agreement.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

WHEREFORE, USFIC requests that Pico's claim be dismissed and that the Court award USFIC its costs in defending against this action and any other such relief as may be just and appropriate.

**II.    ADDITIONAL DEFENSES**

For its additional defenses, USFIC states the following:

**FIRST ADDITIONAL DEFENSE**

Pico's Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

USFIC is not liable to Pico because its principal Dietze is not liable to Pico because, *inter alia*, Pico has breached the contract with Dietze. USFIC's liability being coextensive with, but secondary to, its principal Dietze's liability, USFIC's liability is diminished or extinguished to the extent that Dietze's liability is so diminished or extinguished.

**THIRD ADDITIONAL DEFENSE**

Pico's claims are barred by the doctrine of waiver.

**FOURTH ADDITIONAL DEFENSE**

USFIC's liability to Pico is dependent on Dietze's liability to Pico and the causes of action alleged by Pico in its Complaint are barred by the doctrine of estoppel vis-à-vis Dietze.

**FIFTH ADDITIONAL DEFENSE**

USFIC's liability to Pico is dependent on Dietze's liability to Pico and the causes of action alleged by Pico in its Complaint are barred by the doctrine of accord and satisfaction between Dietze and Pico.

**SIXTH ADDITIONAL DEFENSE**

In determining the amount, if any, due Pico, Dietze (and by extension USFIC) is entitled, by way of set-off or otherwise, to reduce the amounts that it may owe Pico for any additional costs incurred by Dietze, or its other subcontractors, due to Pico's failure to properly perform the work pursuant to the Subcontract. USFIC's liability to Pico is diminished or extinguished to the extent of Dietze's offsets.

## SEVENTH ADDITIONAL DEFENSE

USFIC's liability to Pico is dependent on Dietze's liability to Pico. This action is barred as to Dietze (and by extension USFIC) because Pico has failed to properly follow the disputes provisions in the subcontract and Prime Contract.

Respectfully submitted,

Dated: August 28, 2006

_____/s James R. Newland, Jr._____
James R. Newland, Jr., Esq. (D.C. Bar No. 477804)
THELEN REID & PRIEST LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
Phone: 202-508-4000
Facsimile: 202-508-4321

**CERTIFICATE OF SERVICE**

      This is to certify that on the 28th day of August, 2006, a true and correct copy of the foregoing document was filed in the Court's ECF filing system. I understand that a copy of this document will be electronically served upon:

>Mark S. Dachille
>Lucas F. Webster
>Huddles Jones Sorteberg & Dachille, P.C.
>10211 Wincopin Circle
>Suite 200
>Columbia, Maryland 21044
>Facsimile: (410) 720-0329

                                                            /s James R. Newland, Jr.
                                                            James R. Newland, Jr.